# Exhibit 1

**From:**   <ECFnotice@mad.uscourts.gov>
**To:**   <CourtCopy@mad.uscourts.gov>
**Date:**   3/24/04 3:07PM
**Subject:**   Activity in Case 1:04-cv-10012-NG Hardt v. Hartford Life And Accident Insurance Company "Status Conference"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Saccoccio, Dianalynn entered on 3/24/2004 at 2:51 PM EST and filed on 3/24/2004

Case Name: Hardt v. Hartford Life And Accident Insurance Company
Case Number: 1:04-cv-10012 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?90084

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the document:

Docket Text:
electronic Clerk's Notes for proceedings held before Judge Marianne B. Bowler : Status Conference held on 3/24/2004. Bruce E. Thompson for the plaintiff;Theodore Glockner for the defts.; Parties agree on a schedule for filings and discovery; court adopts schedule;Amendments and supplements to pleadings due by April 23, 2004; Automatic disclosure due by April 9, 2004; Written discovery due by July 23, 2004; Fact depositions due by September 30, 2004; Plaintiff's trial experts designation due by September 30, 2004; Written expert reports due by October 6, 2004; Deft.'s trial expert designation due by October 29, 2004; Expert depositions to be completed by December 15, 2004; Plaintiff summary judgment motions due by December 27, 2004; Deft.'s summary judgment and oppositions by the plaintiff due by January 28, 2005. The plaintiff shall file any opposition to deft.'s motion for summary judgment by February 4, 2004. Status conference set for October 4, 2004 at 2:30 PM.(Tape #digi! tal.) (Saccoccio, Dianalynn)

The following document(s) are associated with this transaction:

1:04-cv-10012 Notice will be electronically mailed to:
David B. Crevier                     dcrevier@crevierandryan.com

1:04-cv-10012 Notice will not be electronically mailed to:
Bruce E. Thompson
Casey & Thompson
8 North Main Street
Attleboro, MA 02703

# Exhibit 2

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 04/14/2004 12:38
                                    NAME  : CREVIER&RYAN
                                    FAX   : 4137818235
                                    TEL   : 14137872400
```

```
DATE,TIME              04/14  12:37
FAX NO./NAME           15082263632
DURATION               00:00:51
PAGE(S)                03
RESULT                 OK
MODE                   FINE
                       ECM
```

# CREVIER & RYAN, LLP

### ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

**David B. Crevier***
**Michael P. Ryan**
**Timothy J. Ryan**
**Theodore F. Glockner†**

*Also admitted in NY
† Also admitted in DC

## FAX COVER SHEET

| To:    Bruce E. Thompson | To: |
|---|---|
| Fax No.:  508-226-3632 | Fax No.: |
| Of:  Casey & Thompson | Of: |

From:  Theodore F. Glockner

Client/Matter: Hardt v. Hartford

Our Client No.:

Date:                April 14, 2004

Total Number of Pages (including fax cover sheet)    3

Message:
Regarding the message you left me about a 30 day extension.

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

*Also admitted in NY
† Also admitted in DC

April 14, 2004

**VIA FACSIMILE TRANSMISSION
AND FIRST CLASS MAIL**

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA 02703

Re:    **Hardt v. Hartford Life and Accident Insurance Company
U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

I received your telephone message today seeking a thirty day extension from today's date for Plaintiff to respond to Hartford's First Request For Production of Documents ("Document Request"). Hartford is willing to grant that request with the following conditions:

1.    That Plaintiff will fully respond to Hartford's Document Request by May 14, 2004;

2.    That Plaintiff will not seek a further extension of the period of time within in which it is required to respond to Hartford's Document Request, and;

3.    That in the event a further extension is sought, and Hartford determines that the deadlines for completing discovery, disclosing experts, and filing dispositive motions must be modified, that Plaintiff will prepare and file the appropriate motion with the Court.

My concern in this regard is that due to the tight discovery schedule established by the Court, any further delays would require Hartford to modify the discovery schedule in order to finish discovery. Hartford should not have to bear the financial burden of filing such a motion.

Lastly, I have not received Plaintiff's Rule 26 Initial Disclosures which were due on April 11, 2004. I will take no action to compel those disclosures if they are provided to me by May 14, 2004. If you are in agreement with these terms, please confirm the same to me in writing so that there can be no dispute concerning our agreement at a later date. Thank you for your time and attention to this matter.

Page 2
April 14, 2004

Sincerely,

Theodore F. Glockner

cc:     Jeffery Apuzzo, Esq.

F:\Files\Hartford\Hardt\Thompson 4 14 04.doc

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

*Also admitted in NY
† Also admitted in DC

# FAX COVER SHEET

| | |
|---|---|
| To:    Bruce E. Thompson<br>Fax No.:  508-226-3632<br>Of:   Casey & Thompson | To:<br>Fax No.:<br>Of: |

From:  Theodore F. Glockner

Client/Matter: Hardt v. Hartford

Our Client No.:

Date:                          April 14, 2004

Total Number of Pages (including fax cover sheet)        3

Message:
Regarding the message you left me about a 30 day extension.

**Confidentiality Notice**

The information in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above.  If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If received in error, please notify the sender at the above number immediately and return the original to the sender.  Thank you.

# Exhibit 3

# C<sub>T</sub>

## CASEY AND THOMPSON, P.C.
### Attorneys at Law

Bruce E. Thompson
Edward J. Casey
John D. Casey
Jennifer Smith Miguel
Donna L. Dumas

bethompson@caseyandthompson.com

---

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: _Theodore Glackne Es._ | FROM: Bruce E. Thompson, Esquire |
| COMPANY: | DATE: 4/14/04 |
| FAX NUMBER: (43) 781-8235 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: Hardt vs. Hartford Life | YOUR REFERENCE NUMBER: |

☐ URGENT   ☒ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Ted:

Enclosed please find my agreement to the terms set forth in your letter of this date concerning the extension of time for response to your clients' request to produce documents

_[signature]_

---

The documents accompanying this fax transmission contain information from the law firm of Casey and Thompson, P.C. which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited, and that the documents should be returned to this firm immediately. In this regard, if you have received this fax in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

8 North Main Street • Suite 204 • Attleboro Massachusetts 02703    Phone (508) 222-2332    Fax (508) 226-3632

# CREVIER & RYAN, LLP

## ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                        FAX (413) 781-8235

David B. Crevier*                                              *Also admitted in NY
Michael P. Ryan                                                † Also admitted in DC
Timothy J. Ryan
Theodore F. Glockner†


April 14, 2004

## VIA FACSIMILE TRANSMISSION
## AND FIRST CLASS MAIL

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA  02703

Re:    **Hardt v. Hartford Life and Accident Insurance Company**
       **U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

I received your telephone message today seeking a thirty day extension from today's date for Plaintiff to respond to Hartford's First Request For Production of Documents ("Document Request"). Hartford is willing to grant that request with the following conditions:

1.    That Plaintiff will fully respond to Hartford's Document Request by May 14, 2004;

2.    That Plaintiff will not seek a further extension of the period of time within in which it is required to respond to Hartford's Document Request, and;

3.    That in the event a further extension is sought, and Hartford determines that the deadlines for completing discovery, disclosing experts, and filing dispositive motions must be modified, that Plaintiff will prepare and file the appropriate motion with the Court.

My concern in this regard is that due to the tight discovery schedule established by the Court, any further delays would require Hartford to modify the discovery schedule in order to finish discovery. Hartford should not have to bear the financial burden of filing such a motion.

Lastly, I have not received Plaintiff's Rule 26 Initial Disclosures which were due on April 11, 2004. I will take no action to compel those disclosures if they are provided to me by May 14, 2004. If you are in agreement with these terms, please confirm the same to me in writing so that there can be no dispute concerning our agreement at a later date. Thank you for your time and attention to this matter.

3/14/04

Ted:
  Above terms are agreed to:
                              B. C. Ry

# Exhibit 4

```
┌─────────────────────────────────────────────┐
│    TRANSMISSION VERIFICATION REPORT           │
└─────────────────────────────────────────────┘

                                    TIME  : 05/14/2004 14:52
                                    NAME  : CREVIER&RYAN
                                    FAX   : 4137818235
                                    TEL   : 14137872400

┌─────────────────────────────────────────────────────────────┐
│                                                               │
│    DATE,TIME              05/14  14:49                         │
│    FAX NO./NAME           15082263632                         │
│    DURATION               00:02:59                            │
│    PAGE(S)                04                                   │
│    RESULT                 OK                                   │
│    MODE                   FINE                                 │
│                           ECM                                  │
│                                                               │
└─────────────────────────────────────────────────────────────┘
```

# CREVIER & RYAN, LLP

### ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

*Also admitted in NY
† Also admitted in DC

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

# FAX COVER SHEET

| To:  Bruce Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of:  Casey & Thompson | To:<br><br>Fax No.:<br>Of: |
|---|---|
| To:<br>Fax No.:<br>Of: | To:<br><br>Fax No.:<br>Of: |

From:  T. Glockner

Client/Matter: Hardt v. Hartford

Our Client No.:

Date:            May 14, 2004

Total Number of Pages (including fax cover sheet)

Message:  Please see attached correspondence.

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

*Also admitted in NY
† Also admitted in DC

May 14, 2004

**VIA FACSIMILE TRANSMISSION 508-226-3632
AND FIRST CLASS MAIL**

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA  02703

Re:     **Hardt v. Hartford Life and Accident Insurance Company
U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

I write to you today on several topics. First, we are now beyond the period of the extension within which you agreed to provide Plaintiff's responses to: 1) Hartford's interrogatories; and 2) Hartford's document requests. Additionally, I have received no initial disclosures from Plaintiff whatsoever. If I do not receive these discovery items by the close of business on Tuesday, May 18, 2004, I will file a motion to compel the responses, and will seek our costs associated with having done so.

Additionally, South Shore Hospital ("South Shore") has taken the position that it will not produce Plaintiff's medical records absent his written authorization. I have subpoenaed South Shore's Keeper for a deposition next Wednesday, May 19, 2004. South Shore has forwarded to me their enclosed form for Mr. Hardt's signature. I ask that you forward that form on to him and return it to me within a week of today's date. Once I receive these records, I will forward a copy of the same on to you. In order to accomplish this, I proposes that we continue by agreement the Keeper of the Records Deposition scheduled for May 19, 2004 until June 1, 2004. Please let me know your position on this by the close of business on Monday, May 17, 2004.

Lastly, I would greatly appreciate it if you would respond to my correspondence of May 5, 2004 concerning the Rule 35(a) examinations. If I do not hear from you on this by June 1, 2004, I'll file our Rule 35(a) motion with the Court and certify that we conferred in an effort to resolve the matter prior to filing the motion. I look forward to hearing from you on these issues as soon as possible.

Page 2
May 14, 2004


Sincerely,

Theodore F. Glockner

Enc. as stated
cc:     Jeffery Apuzzo, Esq., w/enc.

Document5

MR#
548314



## South Shore Hospital

55 Fogg Road
South Weymouth MA 02190

## Request for Release/Receipt of Medical Records

**Authorization To Release or Receive Medical Record Information on the following patient:**

I, DAVID F HARDT                                    06/16/1948
_____                   _____
Name of patient or authorized agent                  Date of birth

_____                   ( ____ ) _____
        Street address, city, state, zip             Phone number

hereby authorize South Shore Hospital to release/receive a copy of my medical records including any reference there may be to Drug/Alcohol Usage, Psychiatric Information, and/or other sensitive material(s) to:

CREVIER & RYAN          *Subpoena*
1500 MAIN ST
STE 2020
SPRINGFIRLD, MA 01115

concerning treatment during the time of: _____*all Records*_____

for the purpose of: _____*legal matter*_____

**NOTE:** This authorization for information release expires six (6) months from the date last signed by the patient or authorized agent. Any redisclosure of this information by the recipient(s) is prohibited, except when implicit in the purposes of the disclosure. I understand that this consent may be withdrawn by me at any time except to the extent that action has been taken in reliance upon it

**Specific Information To Be Disclosed:**

☐ Discharge summary                        ☐ Emergency Department visit
☐ Abstract                                 ☒ Complete page-by-page copy
☐ Outpatient test results
☐ Other (please specify): _____

**Signature/Witness**

X  Signed: _____        Date: ____/____/____
           Patient/Parent/Legal Guardian

Witness: _____          Date: ____/____/____
7/2000

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                      FAX (413) 781-8235

*Also admitted in NY
† Also admitted in DC

**David B. Crevier***
**Michael P. Ryan**
**Timothy J. Ryan**
**Theodore F. Glockner†**

# FAX COVER SHEET

| To:   Bruce Thompson, Esq.<br>Fax No.:  508-226-3632<br>Of:  Casey & Thompson | To:<br><br>Fax No.:<br>Of: |
|---|---|
| To:<br>Fax No.:<br>Of: | To:<br><br>Fax No.:<br>Of: |

From:  T. Glockner

Client/Matter:  Hardt v. Hartford

Our Client No.:

Date:                    May 14, 2004

Total Number of Pages (including fax cover sheet)

Message:  Please see attached correspondence.

**Confidentiality Notice**

   The information in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above.  If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If received in error, please notify the sender at the above number immediately and return the original to the sender.  Thank you.

# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT | ) |
| | ) |
| Plaintiff | ) CIVIL ACTION NO. 04 CV10012 NG |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |
| | ) |

### AFFIDAVIT OF THEODORE F. GLOCKNER, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RULE 26 (a) INITIAL DISCLOSURES

NOW COMES Theodore F. Glockner, Esq., and under oath does hereby state and depose:

1.    I am Co Counsel to Defendant Hartford Life and Accident Insurance Company ("Hartford") in the above captioned matter.

2.    On March 24, 2004, the parties appeared before the Court, Bowler, M.J., for a Status Conference.

3.    At the Status Conference, the Court established April 9, 2004 as the date by which the parties were required to make their Rule 26(a)(2) Initial Disclosures. A true copy of the Court's Scheduling Order established at that conference is attached to Hartford's Memorandum of Law In Support of Its Motion to Compel Plaintiff's Initial Disclosures ("Hartford's Memorandum") as Exhibit 1.

4.      Having received no Initial Disclosures from Plaintiff by that date, on April 14, 2004, I wrote to Plaintiff stating that I would take no action to compel Plaintiff's Initial Disclosures: "if they are provided to me by May 14, 2004. If you are in agreement with these terms, please confirm the same to me in writing." A true copy of that correspondence is attached as Exhibit 2 to Hartford's Memorandum. By his facsimile of the same date, Plaintiff's Counsel agreed to the one month extension for Plaintiff to make his Initial Disclosures. See, Facsimile Transmission from Bruce Thompson, Esq. of April 14, 2004, attached to Hartford's Memorandum, as Exhibit 3.

5.      On May 14, 2004, having received no Initial Disclosures from Plaintiff whatsoever, I sent a facsimile transmission to Plaintiff's Counsel stating that I would file a motion to compel Plaintiff's Initial Disclosures if they were not received by May 18, 2004. A true copy of that correspondence is attached as Exhibit 4 to Hartford's Memorandum.

6.      On May 26, 2004, I left a telephone message for Plaintiff's Counsel reminding him that he had failed to make his Initial Disclosures. No response was received from Plaintiff's Counsel.

7.      On June 1, 2004, I telephoned Plaintiff's Counsel at which time I granted Plaintiff another extension until June 15, 2004 within which to make his Initial Disclosures. A true copy of my correspondence memorializing that agreement is attached as Exhibit 6 to Hartford's Memorandum.

8.      On June 22, 2004, I telephoned Plaintiff's Counsel and left a voice message stating that Hartford would move to compel Plaintiff's Initial Disclosures if he did

2

contact him by the end of the day. No return telephone call was received from Plaintiff's Counsel.

9.   On June 23, 2004, I sent a facsimile to Plaintiff's Counsel formally requesting a discovery conference pursuant to L.R. 7.1 and stating that Hartford would file a motion to compel if Counsel did not respond to that request within one week. Plaintiff made no response to that request as of 5 P.M on Wednesday, June 30, 2004. A true copy of Hartford's Correspondence is attached as Exhibit 7 to Hartford's Memorandum.

10.  I have devoted 3.4 hours in preparing the present motion, memorandum and affidavit. My usual and customary billing rate is $170 per hour. I was duly admitted to practice in the Commonwealth of Massachusetts in December of 1995. Since joining Crevier and Ryan, LLP. in September of 1999, my practice has largely involved handling employee benefit and ERISA litigation in the federal courts.

Signed under the pains and penalties of perjury this 30th day of June 2004.

Theodore F. Glockner