# Exhibit 6

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

FAX (413) 781-8235

Timothy A. Reilly
Of Counsel

*Also admitted in NY
† Also admitted in DC

June 1, 2004

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA 02703

Re:   **Hardt v. Hartford Life and Accident Insurance Company
U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

    Pursuant to my conversation with Deb from your office today, Hartford has agreed to grant Plaintiff an additional two week extension from today's date within which Plaintiff will serve its Rule 26(a)(1) Initial Disclosures. As you are aware, we are now well beyond the date agreed on by the parties for Plaintiff to serve his initial disclosures as stated in the Joint Statement submitted by the parties.

    If this does not comport with your understanding of the agreement, please contact me immediately. I look forward to receiving your responses on or before June 15, 2004. In the event the Initial Disclosures are not received by that date, I will move the court for an order to compel the Initial Disclosures. Thank you for your time and attention to this matter.

Sincerely,

*/s/ Theodore F. Glockner*
Theodore F. Glockner

cc:   Jeffery Apuzzo, Esq.

# **Exhibit 7**

```
                    TRANSMISSION VERIFICATION REPORT

                                              TIME  : 06/23/2004 14:32
                                              NAME  : CREVIER&RYAN
                                              FAX   : 4137818235
                                              TEL   : 14137872400

         DATE,TIME                06/23 14:28
         FAX NO./NAME             15082263632
         DURATION                 00:03:59
         PAGE(S)                  07
         RESULT                   OK
         MODE                     FINE
                                  ECM
```

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                          FAX (413) 781-8235

David B. Crevier*                                                 Timothy A. Reilly
Michael P. Ryan                                                   Of Counsel
Timothy J. Ryan                                                   *Also admitted in NY
Theodore F. Glockner†                                             † Also admitted in DC

## FAX COVER SHEET

| To: Attorney Thompson, Esq.      | To:      |
| Fax No.: 508-226-3632            | Fax No.: |
| Of: Casey & Thompson, P.C.       | Of:      |

From:            Theodore F. Glockner

Client/Matter:   Hartford/Hardt

Our Client No.:

Date:            June 23, 2004

Total Number of Pages (including fax cover sheet)    7

Message:

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

Timothy A. Reilly
Of Counsel

*Also admitted in NY
† Also admitted in DC

June 23, 2004

**VIA FACSIMILE TRANSMISSION**
**AND FIRST CLASS MAIL**

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA  02703

Re:  **Hardt v. Hartford Life and Accident Insurance Company**
     **U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

    Based on Plaintiff's complete failure to make his Rule 26(a)(2) Initial Disclosures, I have drafted and will file a motion to compel those disclosures and will seek Hartford's fees in doing so. I have enclosed a copy, in draft form of that motion. This correspondence constitutes a demand for a discovery conference pursuant to L.R. 37.1. If I do not hear from you within one week from today's date, I will file the motion to compel.

Sincerely,

Theodore F. Glockner

cc:  Jeffery Apuzzo, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY )<br>)<br>Defendant )<br>) | CIVIL ACTION NO. 04 CV10012 NG |

**DEFENDANT HARTFORD LIFE AND ACCIDENT ISNURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL
PLAINTIFF'S RULE 26 (a) INITIAL DISCLOSURES**

Defendant Hartford Life and Accident Insurance Company ("Hartford") moves the Court pursuant to Rule 37(a)(2) for an order: 1) compelling Plaintiff to make his Rule 26(a) initial disclosures ("Initial Disclosures"); 2); extending the discovery deadline for written discovery, presently set for July 23, 2004, until August 23, 2004 and solely as to Hartford; and 3) for the award of Hartford's attorney fees and costs associated with filing the present motion. As stated below, Hartford brings this motion after granting Plaintiff two extensions within which to make his Initial Disclosures.

**STATEMENT OF THE FACTS**

1.  On March 24, 2004, the parties appeared before the Court, Bowler, M.J., for a Status Conference.

1

2. At the Status Conference, the Court established April 9, 2004 as the date by which the parties were required to make their Rule 26(a)(2) Initial Disclosures. See, ECF Notice, 3/24/04, attached hereto as Exhibit 1.

3. Having received no Initial Disclosures from Plaintiff by that date, on April 14, 2004, Hartford's Counsel wrote to Plaintiff stating that he would take no action to compel Plaintiff's Initial Disclosures: "if they are provided to me by May 14, 2004. If you are in agreement with these terms, please confirm the same to me in writing." See, Correspondence of Theodore F. Glockner, Esq. of April 14, 2004, attached hereto as Exhibit 2. By his facsimile of the same date, Plaintiff's Counsel agreed to the one month extension for Plaintiff to make his Initial Disclosures. See, Facsimile Transmission from Bruce Thompson, Esq. to Theodore F. Glockner, Esq. attached hereto as Exhibit 3.

4. On May 14, 2004, having received no Initial Disclosures from Plaintiff whatsoever, Hartford's Counsel sent a facsimile transmission to Plaintiff's Counsel stating that he would file a motion to compel Plaintiff's Initial Disclosures if they were not received by May 18, 2004. See, Correspondence of Theodore F. Glockner, Esq. of May 14, 2004, attached hereto as Exhibit 4.

5. On May 26, 2004, Hartford's Counsel left a telephone message for Plaintiff's Counsel reminding him that he had failed to make his Initial Disclosures. See, Affidavit of Theodore F. Glockner, Esq., attached hereto as Exhibit 5. No response was received from Plaintiff's Counsel. Id.

6. On June 1, 2004, Hartford's Counsel telephoned Plaintiff's Counsel at which time he granted Plaintiff another extension until June 15, 2004 within which to make his Initial

Disclosures. See, Correspondence of Theodore F. Glockner, Esq., of June 1, 2004, attached hereto as Exhibit 5.

7.     On June 22, 2004, Hartford's Counsel telephoned Plaintiff's Counsel and left a voice message stating that Hartford would move to compel Plaintiff's Initial Disclosures if he did contact him by the end of the day. No return telephone call was received from Plaintiff's Counsel. See, Affidavit of Theodore F. Glockner, Esq., attached hereto as Exhibit 5.

## ARGUMENT

It is undisputed that Plaintiff has failed to make the disclosures required of him pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and this Court's scheduling order of March 24, 2004. Based on Plaintiff's complete failure in this regard, Hartford is entitled to an order compelling Plaintiff to make his Rule 26(a)(2) disclosures pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure which provides:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must contain a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Fed. R. Civ. P. 37(a)(2)(A).

Rule 37(a)(4) further defines the sanctions that are available when a party fails to make disclosures required by Rule 26(a)(2) in relevant part, as follows:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party...or the attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant making a good faith effort to obtain the disclosure or discovery without court action,

> or that the opposing party's nondisclosure was substantially justified, or that the circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4).

The award of sanctions including attorney's fees and costs is completely appropriate in this case due to Hartford's numerous and unsuccessful attempts to obtain Plaintiff's disclosures without the Court's involvement. After writing to Plaintiff repeatedly, and granting two extensions that were not met, Hartford had no other recourse to obtain Plaintiff's Initial Disclosures other than bringing the matter before the Court. Because Plaintiff's conduct has necessitated that Hartford file the present motion, Plaintiff should be required to pay Hartford for its attorney's fees and costs. Furthermore, as stated above, Plaintiff's failure to make his initial disclosures is not justified, nor do the circumstances make the award of attorney's fees and costs unjust. This is especially true in light of the clear deadline established by the Court, and Hartford's repeated attempts to obtain this discovery.

## **CONCLUSION**

For all of these reasons, Hartford requests that the Court enter an order: 1) compelling Plaintiff to make his Initial Disclosures by July 15, 2004; 2) awarding Hartford its attorney's fees in the amount of $578.00 in preparing the present motion, affidavit, and memorandum of law; and 3) extending the discovery deadline for written discovery, presently set for July 23, 2004, until August 23, 2004.

                THE DEFENDANT
                HARTFORD LIFE AND
                ACCIDENT INSURANCE COMPANY,
                By its Attorneys:

                _____
                Theodore F. Glockner, BBO #629469
                Crevier & Ryan, LLP
                1500 Main Street, Suite 2020
                Springfield, MA 01115-5532
                Tel. (413) 787-2400

## **CERTIFICATE OF COMPLIANCE WITH RULE 37(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, L.R. 7.1(A)(3) AND L.R. 37.1**

      I hereby certify that prior to filing the present motion I attempted to confer in good faith with Plaintiff's Counsel by leaving a telephone message on June 22, 2004, as stated above stating that I would file a motion to compel Plaintiff's Initial Disclosures. No response to that request has been received to that request.

                _____
                Theodore F. Glockner, Esq.

## **CERTIFICATE OF SERVICE**

      I, Theodore F. Glockner, Esq., attorney for the Defendant, do hereby certify that on June 24, 2004, I served a copy of the foregoing document on the parties hereto by mailing a copy, First Class Mail, postage prepaid, to Plaintiff's Counsel.

                _____
                Theodore F. Glockner

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

Timothy A. Reilly
Of Counsel
*Also admitted in NY
† Also admitted in DC

## FAX COVER SHEET

| To: Attorney Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of: Casey & Thompson, P.C. | To:<br>Fax No.:<br>Of: |
|---|---|

From:             Theodore F. Glockner

Client/Matter:    Hartford/Hardt

Our Client No.:

Date:             June 23, 2004

Total Number of Pages (including fax cover sheet)   7

Message:

**Confidentiality Notice**

The information in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above. If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If received in error, please notify the sender at the above number immediately and return the original to the sender. Thank you.