IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT )<br><br>Plaintiff )<br><br>v. )<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY )<br><br>Defendant ) | CIVIL ACTION NO. 04 CV10012 NG |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
MOTION TO COMPEL PLAINTIFF'S RESPONSES TO HARTFORD'S
INTERROGATORIES AND DOCUMENT REQUESTS**

Defendant Hartford Life and Accident Insurance Company ("Hartford") moves

the Court for an order to compel Plaintiff to respond to Hartford's Interrogatory 7, as well

as Hartford's Document Requests 10 and 13.  As stated more fully below, after failing to

provide the discovery sought within the period of time allowed by the Rules of Civil

Procedure, Plaintiff agreed to produce all such discovery.  When Plaintiff failed to

provide the information sought by the time he had agreed to do so, Hartford wrote to

Plaintiff's Counsel on two occasions, and placed several calls to his office seeking that

information.  Having obtained no response whatsoever from these efforts, Hartford brings

this matter before the Court for resolution.

STATEMENT OF THE FACTS

1.      On March 10, 2004, Hartford served Plaintiff: 1) Hartford Life and Accident

Insurance Company's First Request for Production of Documents; and 2) Hartford Life

and Accident Insurance Company's First Set of Interrogatories to Plaintiff.  True copies

of those documents are attached hereto as Exhibits 1 and 2 respectively; see, also, Affidavit of Theodore F. Glockner ("Glockner Affidavit"), attached hereto as Exhibit 8.

2.      On May 14, 2004, Plaintiff served Plaintiff's Responses to Hartford Life and Accident Insurance Company's First Request for Production of Documents, attached hereto as Exhibit 3.  See, also, Glockner Affidavit attached hereto as Exhibit 8.

3.      On May 18, 2004, Plaintiff served Plaintiff's Answers to Hartford Life and Accident Insurance Company's First Set of Interrogatories, attached hereto as Exhibit 4. See, also, Glockner Affidavit attached hereto as Exhibit 8.

4.      Hartford's Interrogatory 7 calls upon Plaintiff to "Identify every person you intend to call as a fact witness in this case, for each person stating the substance of the facts to which such person will testify." The term "Identify" is further defined as calling on Plaintiff to state the address of each person identified.  In response to that Interrogatory Plaintiff identified several individuals but failed to provide the address for each witness, and failed to state the substance of each witnesses' anticipated testimony. See, Plaintiff's Answers to Hartford Life and Accident Insurance Company's First Set of Interrogatories, attached hereto as Exhibit 4.

5.      Hartford's Document Request 10 called on Plaintiff to produce: "All of Plaintiff's debit /credit card records, including credit card statements and receipts from May of 1998 to the present." See, Exhibit 1.  Plaintiff stated the following response to this document request: "Objection: The request made by Defendant is unduly burdensome. Notwithstanding said objection, the Plaintiff has no such documents in his possession, custody or control." See, Exhibit 3.

6.      Hartford's Document Request 13 called on Plaintiff to produce: "All Federal and State tax returns filed by Plaintiff, or on his behalf, for tax years from 1998 to the

present." See, Exhibit 1. In response Plaintiff produced federal returns, but no state tax returns, for the years 2001 and 2002. See, Exhibit 8, Glockner Affidavit.

7.      On July 7, 2004, Hartford's Counsel Theodore F. Glockner wrote to Plaintiff's Counsel Bruce Thompson demanding that Plaintiff supplement her responses to the Hartford's Interrogatory 7, as well as Hartford's Document Requests 10 and 13. See, Correspondence of Theodore F. Glockner, of July 7, 2004 attached hereto as Exhibit 5. In the same correspondence, Hartford requested a formal discovery conference pursuant to Rule 37.1(A) of this Court's Rules. See, also, Glockner Affidavit attached hereto as Exhibit 8.

8.      On July 30, 2004, Hartford's Counsel Theodore F. Glockner and Plaintiff's Counsel Bruce Thompson had a telephone conference to resolve the discovery dispute. Following that conference, Hartford's Counsel wrote to Attorney Thompson in a letter memorializing the terms of their agreement concerning Plaintiff's discovery, in pertinent part as follows:

> "This correspondence is to memorialize our conversation today with respect to: 1) the discovery items stated in my July 7, 2004 letter to you; and 2) mediation. As to those discovery items, we reached the following agreement.
>
> Interrogatory 7
>
> By August 20, 2004, Plaintiff shall supplement his prior response to Hartford's Interrogatory 7 to include: 1) the complete address for each witness identified by him in his prior response; and 2) the substance of each witnesses' anticipated testimony at trial. Additionally, Plaintiff will supplement that response to state that the only physicians or medical providers whom Plaintiff intends to call at trial are those whom he will formally disclose as experts pursuant to Fed. R. Civ. P. 26 (a)(2).
>
> Document Request 10 / Credit Card Records
>
> By August 20, 2004, Plaintiff shall supplement his prior response to this discovery request by providing: 1) all credit card and debit card statements and records in his possession for the period of time stated in Hartford's Document

Request 10; and 2) a full and complete list of all credit card and debit card companies with whom he has had an account from May of 1998 until the present, and including the complete mailing address for such entity.

Document Request 13 / 1998 and 1999 Tax Returns

Plaintiff has agreed to provide this office, by August 30, 2003, an appropriate authorization form, signed by Plaintiff, by which Hartford may seek his federal and state tax records directly from the United States Internal Revenue Service and the Massachusetts Department of Revenue.

***

Lastly, if you do not believe that this correspondence accurately reflects our agreement with respect to any of the issues stated herein, please contact me in writing by the close of business on August 2, 2004: otherwise I will assume that this correspondence accurately reflects our agreement."

See, Correspondence of Theodore F. Glockner, Esq. of July 30, 2004, attached hereto as Exhibit 6. See, also, Glockner Affidavit attached hereto as Exhibit 8.

9.    When Plaintiff failed to provide his responses to Interrogatory Request 7 and Document Request 10, on August 20, 2004, Hartford's Counsel wrote to Plaintiff's Counsel and requested a **"formal discovery conference pursuant to L.R. 37.1."** See, Correspondence of Theodore F. Glockner, Esq. of August 20, 2004, attached hereto as Exhibit 7. (Emphasis in original). See, also, Glockner Affidavit attached hereto as Exhibit 8.

10.    When Plaintiff failed to respond to Hartford's August 20, 2004, letter, Hartford's Counsel telephoned Attorney Thompson's office on August 24, 2004, and left a telephone message with his assistant Deb, reiterating Hartford's demand for a discovery conference. See, Glockner Affidavit, attached hereto as Exhibit 8.

11.    On August 25, 2004, Hartford's Counsel Theodore Glockner left a voice mail for Plaintiff's Counsel reiterating Hartford's demand for the discovery it is owed and reiterating its demand for a discovery conference. See, Exhibit 8, Glockner Affidavit. As

of today's date, Plaintiff has neither produced the discovery he agreed to supply Hartford,

nor has he agreed to Hartford's demand for a formal discovery conference pursuant to

L.R. 37.1. See, Glockner Affidavit, attached hereto as Exhibit 8.

## ARGUMENT

I.   By Previously Agreeing To Provide The Discovery Items Hartford Seeks Through
     The Present Motion, Plaintiff Has Waived Any Objection Thereto

As stated in detail above, Plaintiff's Counsel has completely failed to provide the

discovery responses he clearly agreed to provide during the telephone conference

between the parties on July 30, 2004. Furthermore, Plaintiff has completely refused to

offer any explanation for his failure in this regard. Nor has Plaintiff stated when, or if,

Hartford can expect to receive the supplemental responses to Interrogatory 7, and

Document Requests 10 and 13. Simply put, by these actions Plaintiff has waived any

objections to Hartford's discovery requests. Lastly, Hartford's discovery requests stated

above are completely reasonable and are not unduly burdensome, or otherwise

objectionable.

Accordingly, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure,

this Court should enter an order immediately compelling Plaintiff to provide the

responses to these discovery requests –which he has already agreed to provide.

Furthermore, in light of Plaintiff's repeated and unjustified refusal to provide responses to

Interrogatory 7 and Document Requests 10 and 13, this Court should award Hartford its

attorney's fees and costs pursuant to Rule 37 (a)(4) of the Federal Rules of Civil

Procedure.

II.     This Court Should Order Plaintiff to Provide The Discovery Responses Hartford
        Seeks Due To His Complete Failure to Respond to Hartford's Request for A
        Discovery Conference Pursuant to L.R. 37.1(A)

As stated above, Hartford only files this motion after contacting Plaintiff's

Counsel's office repeatedly and specifically requesting a **"formal discovery conference**

**pursuant to L.R. 37.1."**  See, Correspondence of Theodore F. Glockner, Esq. of August

20, 2004, attached hereto as Exhibit 7; emphasis in original; see, also, Glockner Affidavit

attached hereto as Exhibit 8.  Rule 37.1(A) of this Court states the following sanctions

with respect to a party's obligation to participate in a discovery conference: "Failure of

opposing counsel to respond to a request for a discovery conference within seven (7) days

of the request shall be grounds for sanctions, which may include automatic allowance of

the motion."  Because Plaintiff has completely failed to respond to Hartford's request for

a discovery conference, and has completely failed to provide the discovery Plaintiff

agreed to provide, this Court should automatically allow Hartford's motion and should

award it $731.00 for its reasonable attorney's fees in filing the present motion.   This

figure results from 4.3 hours devoted to preparing the present motion at Attorney

Glockner's usual billing rate of $170 per hour.  See, Exhibit 8, Glockner Affidavit at ¶ 12.

III.    This Court Should Award Hartford Its Attorney's Fees In Light of Plaintiff's
        Continuing Failure to Make His Initial Disclosures Despite This Court's Order
        That He Do So

On August 6, 2004, this Court, Bowler, J. entered an order granting Hartford's

prior Motion to Compel Plaintiff's Rule 26(a) Initial Disclosures and thereby granting

Hartford's request for attorney's fees.  As of today's date, Hartford has not received

Plaintiff's Initial Disclosures and has not received the Attorney's fees it was awarded by

the Court.  See, Exhibit 8, Glockner Affidavit.

## CONCLUSION

For all of these reasons, Hartford respectfully request that the Court enter an

Order compelling Plaintiff to provide Hartford with complete responses to its

Interrogatory 7, and its Document Requests 10 and 13.  Furthermore, Hartford requests

that the Court award it its reasonable attorney's fees in the amount of $731.00.

THE DEFENDANT
HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY,
By its Attorneys:

Theodore F. Glockner, BBO #629469
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel. (413) 787-2400

## CERTIFICATE OF SERVICE

I, Theodore F. Glockner, Esq., attorney for the Defendant, do hereby certify that
on September _i 3_ , 2004, I served a copy of the foregoing document on the parties
hereto by mailing a copy, First Class Mail, postage prepaid, to all counsel of record:

Theodore F. Glockner, Esq.