# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT | ) |
| | ) U.S.D.C. CIVIL ACTION NO. 04-CV10012NG |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |

## HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, Hartford Life and Accident Insurance Company, hereby requests the Plaintiff, David Hardt, produce the documents set forth below to it within 30 days at the Law Offices of David B. Crevier, 1500 Main Street, Suite 2020, Springfield, Massachusetts 01115-5532.

### DEFINITIONS

1. The term **"Complaint"** means the Complaint as removed to the present court, as it may have been amended, that was filed by the Plaintiff in Plymouth County Superior Court and removed to this court in this action.

2. The term **"Content"** means exact wording if known, and if not known, as detailed a description as possible stating that exact words are not known.

3. The term **"Document"** means any physical object containing written or printed material

1

or a physical image or sound.

4. The term **"Hartford"** means the defendant, Hartford Life and Accident Insurance Company and its agents, trustees, beneficiaries, officers, directors, employees, counsel, representatives, or other Persons acting on its behalf.

5. When referring to a Person, the term **"Identify"** means that you shall state the Person's full name, present or last known business and home address and telephone number.

6. When referring to communications, the term **"Identify"** means that you shall state the date and place the communication took place, the identity of each Person who made, participated in, or heard any part of the communication, and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such communication.

7. The term **"medical service provider"** means doctors, hospitals, nurses, mental health practitioners, psychiatrists, psychologists, physical therapists, hospitals, and any other Person providing medical services.

8. The term **"or"** means "and/or."

9. The term **"Person"** shall mean and include a natural person, individual, partnership, firm, corporation, or any other kind of business or legal entity, its agents, counsel, representatives, or other Persons acting on such Person's behalf.

10. The term **"Plaintiff"** or **"you"** means David Hardt, the Plaintiff in this action, and your agents, counsel, representatives, or other Persons acting on your behalf.

11. The terms **"relate"**, means relates to, pertains to, concerns, consists of, refers to, reflects

on, shows or in any other way is logically or factually connected with, the matter discussed.

## INSTRUCTIONS

1. With respect to any document which you withhold on a claim of privilege, provide a statement signed by an attorney representing you setting forth as to each document withheld:

   a) the name of the sender of the document;

   b) the name of the author of the document;

   c) the name of the persons to whom the document was sent and those who actually received it;

   d) the date of the document;

   e) a general description of the subject matter of the document.

   f) the statute, rule or decision which is claimed to give rise to the privilege.

2. If any request calls for the production of documents no longer in existence or no longer in your possession, identify as to each such document the information requested in subparagraphs a) through e) of the preceding paragraph and further identify the last known custodian and the last known location of any such document, and state the reason such document is no longer in existence or in your possession.

3. In producing documents pursuant to this request, you should indicate the specific requests in response to which each document or group of documents is being produced.

## DOCUMENT REQUESTS

1. All **documents** that **relate** to the professional care and treatment of **Plaintiff**, for the condition(s) comprising his alleged disability, including, but not limited to, admission records, emergency room records, history medical examinations, consultation records, laboratory records, diagnostic test, radiology reports, medication records, doctors' orders, doctors' and nurses' notes, discharge summaries, progress notes, letters concerning diagnoses and prognoses, and reports of operations.

2. All **documents** that **relate** to the professional care and treatment of **Plaintiff**, for any condition for the period beginning five years before the onset of his alleged disability to the present, including, but not limited to, admission records, emergency room records, history medical examinations, consultation records, laboratory records, diagnostic test, radiology reports, medication records, doctors' orders, doctors' and nurses' notes, discharge summaries, progress notes, letters concerning diagnoses and prognoses, and reports of operations.

3. All bills incurred by **or** on behalf of **Plaintiff** that **relate** to **Plaintiff's** alleged disability.

5. All **documents**, correspondence or non-correspondence, signed **or** unsigned, created by the **Plaintiff, or** on the **Plaintiff's** behalf, that **relate** to **Plaintiff's** alleged disability.

6. All **documents**, whether correspondence or non-correspondence, signed **or** unsigned, made by the **Hartford**, in possession **of or** otherwise available to the **Plaintiff**.

7. All **documents** received by the **Plaintiff** from his employer that **relate** to the **Plaintiff's** alleged disability.

4

8. All photographs of **Plaintiff** taken from 1994 to the present.

9. All reports of experts pertaining to the **Plaintiff's** alleged disability.

10. All of **Plaintiff's** debit/credit card records, including credit card statements and receipts from May 1998 to the present.

11. All of **Plaintiff's** bank records, including bank statements and cancelled checks from May 1998 to the present.

12. All diaries, schedulers, calendars in which **Plaintiff** made any entries from May 1998 to the present.

13. All Federal and State tax returns filed by **Plaintiff, or** on his behalf, for tax years from 1998 to the present.

14. All documentation, including titles, registration statements, purchase/sale documentation and repair receipts/invoices for automobiles owned by **Plaintiff** or **Plaintiff's** spouse from 1997 to the present.

Hartford Life and Accident
Insurance Company
By its Attorney,

*/s/ David B. Crevier*
David B. Crevier, BBO # 557242
Theodore F. Glockner, BBO #629469
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to the plaintiff by first-class U.S. Mail, postage prepaid on March 10, 2004.

*/s/ Theodore F. Glockner*
Theodore F. Glockner

5

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT<br><br>Plaintiff<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY<br><br>Defendant | CIVIL ACTION NO. 04-CV10012NG |

## HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
## FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant, Hartford Life and Accident Insurance Company, hereby serves the following interrogatories upon the Plaintiff, David Hardt, to be answered under oath within 30 days of service. The answers must be based on all information available to the Plaintiff, and his attorneys and on all records in the custody and control of such persons. Plaintiff is reminded that Rule 26(e) of the Federal Rules of Civil Procedure requires you to file supplementary answers promptly upon the receipt of information indicating that any answers you filed were inaccurate or incomplete when made, and in certain additional circumstances.

## DEFINITIONS

1. The term **"Complaint"** means the Complaint as removed to the present court, as it may have been amended, that was filed by the Plaintiff in Plymouth County Superior Court in this action.

2.  The term **"communication(s)"** means any statement or statements made by a person or any utterance heard by a person whether in person, by telephone or otherwise.

3.  The term **"content"** means exact wording if known, and if not known, as detailed a description as possible stating that exact words are not known.

4.  The term **"disability"** means you are prevented from performing the essential duties of any occupation for which you are, or could become qualified by education, training or experience by accidental injury, sickness, Mental Disorder, Substance Abuse, or pregnancy.

5.  The term **"document(s)"** means and includes all original writings of any nature whatsoever and all non-identical copies thereof, in the possession, custody or control of the Plaintiff or its attorneys or other agents, and includes, but is not limited to correspondence, memoranda, diaries, appointment calendars, reports, notes of meetings or telephone conversations, listings, summaries, computer printouts or handwritten or typed drafts of any of the above, recorded, graphic, photographic matter and sound reproductions, however produced or reproduced, and also all other "documents" as that term is used in Rule 34(a) of the Federal Rules of Civil Procedure. In all cases where originals or non-identical copies are not available, "document(s)" also means identical copies or original documents and copies of non-identical copies.

6.  The terms **"Hartford"** or **"Defendant"** mean the defendant, Hartford Life and Accident Insurance Company and its agents, trustees, beneficiaries, officers, directors, employees, counsel, representatives, or other Persons acting on its behalf.

7.  The term **"identify"** when used in connection with corporate or other business entities,

means to state the name of the entity, its principal type of business, its principal business address and the form of its organization, including, if known, the jurisdiction in which it is organized.

8. The term **"identify"** when used in connection with documents, means to describe the document, stating its date and title, identifying its author and other parties thereto, if any, such as addressees of letters or recipients of memoranda, and describing the substance of the document, with such reasonable particularity as is sufficient for a specific demand for production. Documents to be identified shall include not only documents in the possession, custody or control of the Plaintiff, but also all other documents of which the Plaintiff has knowledge.

9. The term **"identify"** when used in connection with oral communications, means to describe each statement or communication by stating when and where it was made, identifying the maker and recipient or recipients thereof and all of the witnesses thereto, indicating the medium of communication, for example, a face-to-face conversation or telephone conversation, and stating the substance of the statement or communication.

10. The term **"identify"** when used in connection with a person, means to provide a full name, residence address, occupation, name of employer, business address, and if known, date of birth, social security number, marital status and name of spouse.

11. The term **"medical service provider"** means doctors, hospitals, nurses, mental health practitioners, psychiatrists, psychologists, physical therapists, hospitals, and any other Person providing medical services.

12. The term **"or"** means "and/or."

13. The term **"person"** means and includes any natural person, corporation, partnership, trust, association, joint venture, sole proprietorship, firm, business enterprise, governmental body, regulatory body or any other kind of entity, as well as any division, subdivision, bureau, office or other unit thereof and anyone acting, with or without authority, on that person's behalf, including an officer, director, agent, employee or attorney.

14. The terms **"Plaintiff"** or **"you"** or **"your"** mean, David Hardt, the Plaintiff in this action, and your agents, counsel, representatives, or other Persons acting on your behalf.

15. The term **"relate to"** shall have the widest possible definition and shall include, but not be limited to the terms touch upon, discuss, mention, refer to, involve, evidence, shed light upon and concern.

## INSTRUCTIONS

For the purpose of these Interrogatories and the responses thereto, the following instructions shall apply:

1. In answering these Interrogatories, furnish all information which is available to you, including information in the possession of your attorneys and not merely such information known of your own knowledge. If you are unable to answer any Interrogatory in full after exercising due diligence to secure the requested information so state, and answer to the extent possible.

2. As to those Interrogatories consisting of a number of separate subdivisions or related parts, a complete response is required to each such subdivision or part with the same

effect as if it were propounded as a separate Interrogatory. Should objection to an Interrogatory be interposed, it should clearly indicate to which subdivision or part of the Interrogatory it is directed.

3. If any document referred to herein is withheld or not identified under a claim of privilege or statutory exemption, set forth an identification of each such document, specifying the date of the document, its author and addressee(s), the persons to whom copies were furnished, a summary of the subject matter of the document, the exact basis upon which the asserted privilege or statutory exemption is based, and the Interrogatories to which the document is responsive.

4. If an Interrogatory is objected to as inquiring into privileged matter, set forth fully in the objection the facts relied upon as the basis for the objection.

5. In the event any document requested herein is unavailable, describe in detail the reason therefor.

6. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these Interrogatories any information or document which might otherwise be considered to be beyond their scope.

7. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these Interrogatories any information or document which might otherwise be considered to be beyond their scope.

8. Where an Interrogatory asks for specific information, e.g. a date or an amount, and such specific information is unknown to you, it will not be adequate to state that the specific

information is unknown to you if you are capable of approximating the information requested, and the Interrogatory shall thereupon be deemed to request such approximate information.

## INTERROGATORIES

1. Please **identify** yourself and **identify** each **person** who has assisted **you** in the preparation of **your** answers to these Interrogatories or who constituted a source of information in connection with **your** answers to these interrogatories. For each **person**, state the particular interrogatory(ies) on which they assisted **you** or were a source of information.

2. With respect to **your** alleged **disability**, please state the following:

    a. inclusive dates when **you** claim to have a **disability**;

    b. the occupation that **you** performed immediately prior to **your disability**;

    c. the cause of the **disability**;

    d. exactly why, during the entire term of **your disability**, **you** have been unable to perform the essential duties of any occupation for which **you** are, or could become qualified by education, training or experience

    e. state whether during the term of the **disability you** engaged in any employment.

3. With respect to all **medical service providers** with whom **you** consulted at any time concerning **your disability**, please;

    a. **Identify** all medical service providers who treated **you**;

    b. Describe all of the treatment **you** received;

    c.    Set forth the dates on which **you** received treatment and/or were under the care of each **medical service provider**;

    d.    State the results of the treatment, and all diagnoses, and the prognoses for **your** recovery provided by each **medical service provider**;

    e.    Detail all diagnostic tests that have been performed on **you** by, or at the request of, each **medical service provider** including, but not limited to **identifying** who performed each diagnostic test, stating the results of each diagnostic test; and setting forth the dates of each diagnostic test;

    f.    State as fully and completely as **you** can the substance of all advice or instructions given by medical service providers, relative to **your** care, treatment and condition, on each respective date **you** received treatment.

4.    For the period beginning May 1, 1998 continuing to the present, please:

    a.    describe fully and in complete detail any illnesses, injuries, diseases, defects or operations which **you** may have had or suffered;

    b.    **Identify** all medical service providers who treated **you**;

    c.    Describe all of the treatment **you** received;

    d.    Set forth the dates on which **you** received treatment and/or were under the care of each **medical service provider**;

    e.    State the results of the treatment, and all diagnoses, and the prognoses for **your** recovery provided by each **medical service provider**;

    f.    Detail all diagnostic tests that have been performed on **you** by, or at the request of, each **medical service provider** including, but not limited to **identifying** who

performed each diagnostic test, stating the results of each diagnostic test; and setting forth the dates of each diagnostic test;

g. State as fully and completely as **you** can the substance of all advice or instructions given by medical service providers, relative to **your** care, treatment and condition, on each respective date **you** received treatment.

5. During the period for which **you** claim **disability**, please detail each and every specific activity as to which **you** allege to be disabled, giving the inclusive dates of such **disability** as to each and every activity.

6. Give an itemized statement to date of all monetary loss sustained by **you**, or in **your** behalf, as the result of **Hartford's** allegedly actionable conduct.

7. **Identify** every **person you** intend to call as a fact witness in this case, for each **person** stating the substance of the facts to which such **person** will testify.

8. **Identify** every **person** whom **you** intend to call as an expert witness at the trial of this action, and with respect to each such expert, please state:

   a. The subject matter on which the expert is expected to testify.

   b. The substance of the facts and opinions to which he/she is expected to testify; and

   c. A summary of the grounds for each such opinion.

9. **Identify** all **communications you** have had with **Hartford** concerning **your** alleged **disability**, for each **communication**:

   a. **Identify** the agent of the entity with whom **you communicated**;

   b. State the date of the **communication**;

   c. State the **Content** of the **communication**.

10. **Identify** all **communications you** have had with Dr. Arthur J. Bowman, Jr. concerning your alleged **disability**, for each **communication**:

   a. State the date of the **communication**;

   b. State the **Content** of the **communication**.

11. During the period for which **you** claim **disability**, please state the approximate dates on which **you** were unable to undertake any part of any of the following activities:

   a. Sit in a chair for more than one hour;

   b. Stand for more than fifteen minutes;

   c. Walk for more than ten minutes;

   d. Get out of bed;

   e. Remain out of bed all day;

   f. Leave **your** home for any reason except to visit a **medical service provider**;

   g. Attend social gatherings outside of **your** home;

   h. Operate a motor vehicle alone;

   i. Go for a drive in any motor vehicle;

   j. Do any cleaning, dusting or washing in or about **your** home;

   k. Prepare meals for yourself;

   l. Visit a store, market, shop, or other establishment, for the purpose of purchasing any item, including food, clothing, or merchandise;

   m. Use **your** washing machine or dryer.

n. Talk on a telephone.

          Hartford Life and Accident
          Insurance Company

          By its Attorney,

          David B. Crevier, BBO # 557242
          Theodore F. Glockner, BBBO #629469
          Crevier & Ryan, LLP
          1500 Main Street, Suite 2020
          (413) 787-2400

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to the plaintiff by first-class U.S. Mail, postage prepaid on March 10, 2004.

          Theodore F. Glockner