# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT,<br>        PLAINTIFF<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br>        DEFENDANT | U.S.D.C. CIVIL ACTION NO: 04-CV 10012NG |

**PLAINTIFF, DAVID HARDT'S RESPONSES TO
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1**

All documents that relate to the professional care and treatment of Plaintiff, for the condition(s) comprising his alleged disability, including, but not limited to, admission records, emergency room records, history medical examinations, consultation records, laboratory records, diagnostic test, radiology reports, medication records, doctors' orders, doctors' and nurses' notes, discharge summaries, progress notes, letters concerning diagnoses and prognoses, and reports of operations.

**RESPONSE NO. 1**

- Harvard Community Health Plan of New England - Medical reports, office notes, admission records, emergency room records, history medical examinations, consultation records, laboratory records, diagnostic test results, medication records, doctors' orders, doctors' and nurses' notes, discharge summaries, progress notes, letters concerning diagnoses and prognoses, and reports of operations starting from October 31, 1993 to March 19, 2003 from the following hospitals and/or medical providers: Sturdy Memorial Hospital, South Shore Hospital, Arthur J. Bowman, Jr., Peter Pleasants, M.D., Robert Lambe, M.D. and Mark Zullo, M.D. of Harvard Pilgrim Health Care of New England, Mehrdad M. Motamed, M.D. of Orthopaedic Group, Inc. consisting of one hundred fifty (150) pages;

- Neurology consultation of Alan E. Geller, M.D. dated March 14, 2000 consisting of two (2) pages and neurological report and laboratory results dated December 19, 2003 of Alan E. Geller, M.D. of Neurology Consultants consisting of four (4) pages;

- Patient's Records from Arthur J. Bowman, M.D. of South Shore Orthopaedic Specialists from March 11, 1998 through September 25, 2003 consisting of eight (8) pages; and

- Operative Report and Patient History from Arthur J. Bowman, M.d. of South Shore Hospital dated February 21, 2003 consisting of four (4) pages.

## REQUEST NO. 2

All documents that relate to the professional care and treatment of Plaintiff, for any condition for the period beginning five years before the onset of his alleged disability to the present, including, but not limited to, admission records, emergency room records, history medical examinations consultation records, laboratory records, diagnostic test, radiology reports, medication records, doctors' orders, doctors' and nurses' notes, discharge summaries, progress notes, letters concerning diagnoses and prognoses, and reports of operations.

## RESPONSE NO. 2

Plaintiff has no such documents in his possession, custody or control.

## REQUEST NO. 3

All bills incurred by or on behalf of Plaintiff that relate to Plaintiff's alleged disability.

## RESPONSE NO. 3

- Medical Bill from Arthur J. Bowman, Jr., M.D. for services rendered from March 11, 1998 through March 30, 2004 for a total of $17,495.00 consisting of seven (7) pages.

## NO REQUEST NO. 4

## REQUEST NO. 5

All documents, correspondence or non-correspondence, signed or unsigned, created by the Plaintiff, or on the Plaintiff's behalf, that relate to Plaintiff's alleged disability.

## RESPONSE NO. 5

Plaintiff has no such documents in his custody, possession or control.

## REQUEST NO. 6

All documents, whether correspondence or non-correspondence, signed or unsigned, made by the Hartford, in possession of or otherwise available to the Plaintiff.

**RESPONSE NO. 6**

Miscellaneous correspondence from Hartford Life to my attorney, Bruce E. Thompson, Esquire from May 12, 1995 to September 25, 2003 consisting of twenty-five (25) pages.

**REQUEST NO. 7**

All documents received by the Plaintiff from his employer that relate to the Plaintiff's alleged disability.

**RESPONSE NO. 7**

Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 8**

All photographs of Plaintiff taken from 1994 to the present.

**RESPONSE NO. 8**

Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 9**

Other than documents previously produced, Plaintiff has no such documents in his possession, custody or control.

**RESPONSE NO. 9**

See Plaintiff's Answer to Defendant's Interrogatories Question No. 1.

**REQUEST NO. 10**

All of Plaintiff's debit/credit card records, including credit card statements and receipts from May 1998 to the present.

**RESPONSE NO. 10**

**Objection:** The request made by Defendant is unduly burdensome. Notwithstanding said objection, the Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 11**

All of Plaintiff's bank records, including bank statements and cancelled checks from May 1998 to the present.

**RESPONSE NO. 11**

**Objection:** The request made by Defendant is unduly burdensome. Notwithstanding said objection, Plaintiff reserves the right to seasonably supplement this response at a later date.

**REQUEST NO. 12**

All diaries, schedulers, calendars in which Plaintiff made any entries from May 1998 to the present.

**RESPONSE NO.12**

Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 13**

All Federal and State tax returns filed by Plaintiff, or on his behalf, for tax years from 1998 to the present.

**RESPONSE NO. 13**

The Plaintiff has requested copies of same from the taxing authorities and will seasonably supplement this response at a later date.

**REQUEST NO. 14**

All documentation, including titles, registration statements, purchase/sale documentation and repair receipts/invoices for automobiles owned by Plaintiff or Plaintiff's spouse from 1997 to the present.

**RESPONSE NO. 14**

**Objection:** The request made by Defendant is unduly burdensome. Notwithstanding said objection, Plaintiff reserves the right to seasonably supplement this response at a later date.

> David Hardt,
> By his Attorney,
> Bruce E. Thompson, Esquire
>
> _____
> CASEY AND THOMPSON, P.C.
> 8 North Main Street
> Attleboro, MA 02703
> (508) 222-2332 / BBO # 496580

As to objections:

_____
Bruce E. Thompson, Esquire

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to the plaintiff by first-class U.S. mail, postage prepaid on _____May 14_____, 2004.

_____
Bruce E. Thompson, Esquire

P:\BRUCE\Civil\HARDT, DAVID\Discovery\Plaintiff's Responses to PODs.wpd

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID HARDT,
        PLAINTIFF

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
        DEFENDANT

U.S.D.C. CIVIL ACTION NO: 04-CV 10012NG

## PLAINTIFF, DAVID HARDT'S ANSWERS TO HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES

### QUESTION NO. 1

Please identify yourself and identify each person who has assisted you in the preparation of your answers to these Interrogatories or who constituted a source of information in connection with your answers to these interrogatories. For each person state the particular interrogatory(ies) on which they assisted you or were a source of information.

### ANSWER NO. 1

David F. Hardt. My wife, Linda L. Hardt, I spoke to in general to cinfirm my recollection as to places or dates.

### QUESTION NO. 2

With respect to your alleged disability, please state the following:

a.      Inclusive dates when you claim to have a disability;

b.      The occupation that you performed immediately prior to your disability;

c.      The cause of the disability;

d.      Exactly why, during the entire term of your disability, you have been unable to perform the essential duties of any occupation for which you are, or could become qualified by education,

      training or experience;

e.      State whether during the term of the disability you engaged in any employment.

**ANSWER NO. 2**

a.      My disability began in 1993 and continues to this date.

b.      Court Officer for the Commonwealth of Masachusetts.

c.      Septic staph infection.

d.      The staph infection destroyed most of my joints.

e.      I have not worked since my disability began.

**QUESTION NO. 3**

With respect to all medical service providers with whom you consulted at any time concerning your disability, please;

a.      Identify all medical service providers who treated you;

b.      Describe all of the treatment you received;

c.      Set forth the dates on which you received treatment and/or were you under the care of each medical service provider;

d.      State the results of the treatment, and all diagnoses, and the prognoses for your recovery provided by each medical service provider;

e.      Detail all diagnostic tests that have been performed on you by, or at the request of, each medical service provider including, but not limited to identifying who performed each diagnostic test, stating the results of each diagnostic test; and setting forth the dates of each diagnostic test;

f.      State as fully and completely as you can the substance of all advice or instructions given by medical service providers, relative to your care, treatment and condition, on each respective date you received treatment.

**ANSWER NO. 3**

a.      Sturdy Memorial Hospital, 211 Park Street, Attleboro, MA 02703, South Shore Hospital, 55 Fogg Road, South Weymouth, MA 02190-2432 Quest Diagnostics, Arthur J. Bowman, Jr., M.D. of South Shore Orthopaedic Specialists, 797 Main Street, South Weymouth, MA

02190, Leonid Dabuzhsky, M.D. of Greater Boston Orthopaedic Associates, 541 Main Street, Suite 104, So. Weymouth, MA 02190, Peter Pleasants, M.D., Robert Lambe, M.D., Mark Zullo, M.D., of Harvard Pilgrim Health Care of New England, Inc. 60 Messenger Street, Plainville, MA 02762, Alan Geller, M.D. of Neurology Consultants, 561 Main Street, So. Weymouth, MA 02190, Mehrdad M. Motamed, M.D. of Orthopedic Group, Inc. 150 Emory Street, Attleboro, MA 02703.

b. Replacement of right hip in 1998 and then in 2002 (same hip); replacement of left knee in 1998; both elbows had damage in 2003; many episodes of gout; lower back pain and extreme pain in joints. More detail is provided in the medical reports produced in response to the Defendant's Request for Production of Documents.

c. Sturdy Memorial Hospital - Admission Date: 10/25/93 and Discharge Date: 10/29/93; Sturdy Memorial Hospital - Operation Date: 1/27/94, Mehrdad M. Motamed, M.D. of Orthopedic Group, Inc. - November 30, 1993 through September 6, 1995; Harvard Pilgrim Health Care of New England, Inc. from - October 31, 1993 through May 6, 1996; Arthur J. Bowman, M.D. from December 30, 1998 through April 14, 2004;

d. I had a prosthesis of right hip and left knee, which helped ease the pain, other than that, my ability to function is very limited.

e. Numerous x-rays, MRI, pain management clinics, hours of physical therapy.

f. I was told not to do too much walking, squatting, kneeling and that my body would tell me what was too much. I had to listen to what my body would allow me to do.

## QUESTION NO. 4

For the period beginning May 1, 1998 continuing to the present, please:

a. Describe fully and in complete detail any illnesses, injuries, diseases, defects or operations which you may have had or suffered;

b. Identify all medical service providers who treated you;

c. Describe all of the treatment you received;

d. Set forth the dates on which you received treatment and/or were under the care of each medical service provider;

e. State the results of the treatment, and all diagnoses, and the prognoses for your recovery provided by each medical service provider;

f. Detail all diagnostic tests that have been performed on you by, or at the request of, each medical service provider including, but not limited to identifying who performed each

        diagnostic test, stating the results of each diagnostic test; and setting forth the dates of each diagnostic test;

g.    State as fully and completely as you can the substance of all advice or instructions given by medical service providers, relative to your care, treatment and condition, on each respective date you received treatment.

## ANSWER NO. 4

a.    Gout, right hip replacement and a left knee replacement for severe degenerative arthritis, both elbows were operated on to remove gout build up, septic staph infection destroying most of my joints, arthritis of both ankles, lower back degenerative arthritis. Have had various procedures for bladder blockages, enlarged prostrate and back problems.

b.    See answer No. 3a.

c.    See answer No. 3b.

d.    See answer No. 3c.

e.    I had a prosthesis of right hip and left knee; multiple surgeries on my left knee for bone spurs and cartilage tears, right knee scope 5 years. Neurological examination of Alan E. Geller, M.D. showed degenerative arthritis of the lumbar spine and intermittent paraspinal spasm secondary to this.

f.    August, 1998 - Right hip arthroplasty for severe degenerative arthritis; November, 1998 - left total knee replacement.

g.    March 14, 2000 - Alan E. Geller, M.D., Neurology urged me to begin a program of stretching exercises.

## QUESTION NO. 5

During the period for which you claim disability, please detail each and every specific activity as to which you allege to be disabled, giving the inclusive dates of such disability as to each and every activity.

## ANSWER NO. 5

I could no longer perform my duties of a court officer, can not walk, run, dance, can not hold my grandchildren for fear of falling. Can not stand, walk or sit for any length of time. Can not mow my grass or help out around the house.

**QUESTION NO. 6**

Give an itemized statement to date of all monetary loss sustained by you, or in your behalf, as the result of Hartford's allegedly actionable conduct.

**ANSWER NO. 6**

I have not collected monthly disability payments due me from Hartford for over a year.

**QUESTION NO. 7**

Identify every person whom you intend to call as a fact witness in this case, for each person stating the substance of the facts to which such person will testify:

**ANSWER NO. 7**

Linda Hardt;
Benefirst Insurance Agency, Inc. (have helped with some of the medical expenses) my wife's employer;.
Andrew Burgess (helps with the yard work);
Roland Cretinon (helps with yard work and various things that my wife could not do);
Joyce Guisti doing errands while my wife worked. (Made lunches, picked up mail, did food shopping);
Steven Hardt (helps me get to doctors appointments);
Doctors and medical providers identified in previous answers.

**QUESTION NO. 8**

Identify every person whom you intend to call as an expert witness at the trial of this action, and with respect to each such expert, please state:

a. The subject matter on which the expert is expected to testify;

b. The substance of the facts and opinions to which he/she is expected to testify; and

c. A summary of the grounds for each such opinion.

**ANSWER NO. 8**

a.-c. I have not made a determination as to which medical personnel I will call as an expert. I will seasonably supplement this answer when that determination is made.

**QUESTION NO. 9**

Identify all communications you have had with Hartford concerning your alleged disability, for each

communication:

a.  Identify the agent of the entity with whom you communicated;

b.  State the date of the communication;

c.  State the Content of the communication.

## ANSWER NO. 9

Never had any verbal communication from Hartford Insurance Agency. I was notified thirty (30) days before they stopped my disability payment benefit.

a.-c.  I have never had any verbal communications with Hartford. All communication to the best of my knowledge was by letter, copies of which have been produced to Defendant in Response to Request for Production of Documents No. 6.

b.  Approximately April 1, 2002 I was notified by mail from Hartford Insurance Agency that my disability will stop.

c.  Sometime in 1998 or 1998, Hartford tried to buy me out of my disability for $117,000.00. I declined since I knew that my abilities would never change.

## QUESTION NO. 10

Identify all communications you have had with Dr. Arthur J. Bowman, Jr. concerning your alleged disability, for each communication:

a.  State the date of the communication;

b.  State the content of the communication.

## ANSWER NO. 10

a.  December 30, 1998 - I communicated with Dr. Bowman on a regular basis since I was always in pain. The most recent was the summer of 2003.

b.  I could barely walk and he sent me to a specialist in pain management. He also referred me to Dr. Dabuzhsky. At the time, they both took numerous x-rays which showed nothing. They gave me a series of cortisone shots, which did not alleviate the pain. Finally, Dr. Dabuzhsky decided that he needed to do exploratory surgery to see what the problem was and he was amazed at what he found. One piece of my hip replacement shattered and did a lot of damage. Dr. Dabuzhsky told my wife that he had never seen anything like this and was amazed that the x-rays showed nothing.

## QUESTION NO. 11

During the period for which you claim disability, please state the approximate dates on which you were unable to undertake any part of any of the following activities:

a. Sit in a chair for more than one hour;

b. Stand for more than fifteen minutes;

c. Walk for more than ten minutes;

d. Get out of bed;

e. Remain out of bed all day;

f. Leave your home for any reason except to visit a medical service provider;

g. Attend social gatherings outside of your home;

h. Operate a motor vehicle alone;

i. Go for a drive in any motor vehicle;

j. Do any cleaning, dusting or washing in or about your home;

k. Prepare meals for yourself;

l. Visit a store, market, shop, or other establishment, for the purpose of purchasing any item, including food, clothing, or merchandise;

m. Use your washing machine or dryer;

n. Talk on a telephone.

## ANSWER NO. 11

In general, I can not identify dates over such an extensive period of time.

a. I become very uncomfortable if I sit in a chair for more than one hour since the disability started.

b. My legs become very weak after several minutes of standing since the disability started.

c. I have walked for more than ten (10) minutes a number of times. My legs swell up and then I suffer for days in pain since the disability started.

d.  In conjunction with my numerous surgeries, I was unable to get out of bed.

e.  I usually have to lay down a few times a day to get the pressure off my joints since the disability started.

f.  I have done this many times but again, I pay for it for days after since the disability started.

g.  I have gone to family events several times, but again I pay for it for days after since the disability started.

h.  Many times, since the disability started.

h   Many times, since the disability started.

i.  No, I am not able to do chores since the disability started.

j.  On occasion, since the disability started.

k.  Yes, on many occasions, since the disability started.

l.  No, I am not able to do this chore, since the disability started.

m.  All the time, since the disability started.

n.  Other than time periods when I was on medication in conjunction with receiving from surgery, I have been able to talk on a telephone.

Signed under the pains and penalties of perjury this 18th day of May, 2004.

_____
DAVID HARDT

CERTIFICATE OF SERVICE

I, certify that a copy of the foregoing was served on counsel to the Defendant by first-class mail, postage prepaid on May 18, 2004.

_____
Bruce E. Thompson, Esquire

P:\BRUCE\Civil\HARDT, DAVID\Discovery\Plaintiffs Answers to Ints