# EXHIBIT 5

```
                    TRANSMISSION VERIFICATION REPORT

                                            TIME  : 07/07/2004 17:23
                                            NAME  : CREVIER&RYAN
                                            FAX   : 4137818235
                                            TEL   : 14137872400


    DATE,TIME            07/07  17:22
    FAX NO./NAME         15082263632
    DURATION             00:01:21
    PAGE(S)              04
    RESULT               OK
    MODE                 FINE
                         ECM
```

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

Timothy A. Reilly
Of Counsel

*Also admitted in NY
† Also admitted in DC

## FAX COVER SHEET

| To: Bruce Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of: | To:<br>Fax No.:<br>Of: |
|---|---|
| To:<br>Fax No.:<br>Of: | To:<br>Fax No.:<br>Of: |

From:   T. Glockner

Client/Matter:   David Hardt v. Hartford Life & Accident Ins. Co.

Our Client No.:

Date:   July 7, 2004

Total Number of Pages (including fax cover sheet)    4

Message: Please see attached correspondence.

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                                              FAX (413) 781-8235

David B. Crevier*                                                                     Timothy A. Reilly
Michael P. Ryan                                                                       Of Counsel
Timothy J. Ryan
Theodore F. Glockner†                                                                 *Also admitted in NY
                                                                                      † Also admitted in DC

July 7, 2004

**VIA FACSIMILE TRANSMISSION
AND FIRST CLASS MAIL**

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA  02703

Re:   **Hardt v. Hartford Life and Accident Insurance Company
      U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

    I write today in order to attempt to resolve a potential discovery dispute. Secondly, I write to establish mutually convenient days for fact depositions in this case.

I.    Discovery Issues

    Interrogatory 7

    In response to Interrogatory 7, calling on Plaintiff to identify potential witnesses, Plaintiff identifies the following witnesses: 1) Linda Hardt; 2) Benefirst Insurance Agency; 3) Andrew Burgess; 4) Roland Cretinon; 5) Joyce Guisti; 6) Steven Hardt; and 7) "doctors and medical providers identified in the previous answers." That interrogatory also request that Plaintiff state "the substance of the facts to which such person will testify."

    Plaintiff's stated response is inadequate in the follow manner. First, no address is provided for each witness identified. The instructions preceding the interrogatories are clear that the term "identify" requires the responding party to identify the address for each person or entity identified. Additionally, the response states no facts for which Linda Hardt is expected to testify. Furthermore, no person is identified to testify on behalf of Benefirst Insurance Agency.

    Therefore, I hereby request that Plaintiff supplement his response by **July 21, 2004**, to include: 1) a full address for each witness; 2) all facts to which each witness is expected to testify; 3) and the full name and address of any witness employed by Benefirst Insurance Agency, Inc. Additionally, I ask that you identify which physicians and medical providers you expect to call as witnesses, and the substance of their anticipated testimony.

Page 2
July 7, 2004

### Document Request 10

In Document Request 10 in Hartford's First Request for Production of Documents, Hartford calls on Plaintiff to produce all credit card and debit bills from May of 1998 until the present. In response, Plaintiff stated that he has no such documents in his possession, custody or control. At this point I ask you clarify whether Plaintiff's response means that there are no credit card or debit records responsive to this request in existence anywhere, or that Plaintiff has not kept any such records. The fact that documents are available from another source, such as the credit card company, is not a valid basis for objecting or refusing to produce documents. See, Societe Internationale Pour Participations Industrielle v. Rogers, 357 U.S. 197 (1958); Clark v. Vega Wholesale, 181 F.R.D. 470, 72 (D. Nev. 1998); West's Federal Civil Rules Handbook, 2002, at pp. 612-613, and cases cited therein. Therefore, if Plaintiff has had a credit card or debit card at any time since May of 1998, I request that he supplement his prior response to this document request by **July 21, 2004**. If he has not had any credit cards or debit cards within that period of time, please advise me of that fact in writing immediately.

### Document Request 13

Similarly, I ask that Plaintiff supplement his response to Document Request 13 seeking all federal and state tax returns from tax years 1998 until the present. In response to that request, Plaintiff stated that he would supplement his response at a later date. When he did so, he only produced his federal returns for tax years 2001 and 2002. Therefore, I request that by **July 21, 2004**, Plaintiff produce his remaining federal and state returns.

### II.   Depositions

So that I do not notice depositions on dates that are not convenient for you, can you please provide me suitable dates for Mr. Hardt to be deposed from August 15, 2004 through September 15, 2004? I may also notice additional fact depositions during that period of time and would appreciate your cooperation in scheduling these dates.

### Conclusion

So that we may try to resolve these issues without court intervention, please contact me by the close of business on July 14, 2004, stating your response to the requests stated in this correspondence. Please consider this letter as a formal request for a discovery conference pursuant to L.R. 37.1(A). If I receive no response from you within that period of time, I will move the court to compel supplemental responses to the discovery requests stated above. Thank you for your time and attention to this matter.

F:\Files\Hartford\Hardt\Thompson 7 7 04.doc

Page 3
July 7, 2004

Sincerely,


Theodore F. Glockner




cc:     Jeffery Apuzzo, Esq.

F:\Files\Hartford\Hardt\Thompson 7 7 04.doc

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                            FAX (413) 781-8235

David B. Crevier*                                                   Timothy A. Reilly
Michael P. Ryan                                                     Of Counsel
Timothy J. Ryan
Theodore F. Glockner†                                               *Also admitted in NY
                                                                    † Also admitted in DC

## FAX COVER SHEET

| To:  Bruce Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of: | To:<br><br>Fax No.:<br>Of: |
|---|---|
| To:<br>Fax No.:<br>Of: | To:<br><br>Fax No.:<br>Of: |

From: T. Glockner

Client/Matter:        David Hardt v. Hartford Life & Accident Ins. Co.

Our Client No.:

Date:                 July 7, 2004

Total Number of Pages (including fax cover sheet)    4

Message: Please see attached correspondence.

**Confidentiality Notice**

The information in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above. If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If received in error, please notify the sender at the above number immediately and return the original to the sender. Thank you.

# EXHIBIT 6

```
                    TRANSMISSION VERIFICATION REPORT

                                              TIME : 08/03/2004 07:42
                                              NAME : CREVIER&RYAN
                                              FAX  : 4137818235
                                              TEL  : 14137872400


      DATE,TIME                   08/03  07:40
      FAX NO./NAME                15082263632
      DURATION                    00:01:36
      PAGE(S)                     05
      RESULT                      OK
      MODE                        FINE
                                  ECM
```

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                              FAX (413) 781-8235

David B. Crevier*                                                     Timothy A. Reilly
Michael P. Ryan                                                       Of Counsel
Timothy J. Ryan                                                       *Also admitted in NY
Theodore F. Glockner†                                                 † Also admitted in DC

## FAX COVER SHEET

| To: Bruce Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of: Casey & Thompson | To:<br>Fax No.:<br>Of: |
|---|---|

From:              Theodore F. Glockner

Client/Matter:     Hardt/Hartford

Our Client No.:

Date:              August 3, 2004

Total Number of Pages (including fax cover sheet)    5

Message:

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

Timothy A. Reilly
Of Counsel

*Also admitted in NY
† Also admitted in DC

July 30, 2004

**VIA FACSIMILE TRANSMISSION
AND FIRST CLASS MAIL**

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA 02703

Re:  **Hardt v. Hartford Life and Accident Insurance Company
U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

This correspondence is to memorialize our conversation today with respect to: 1) the discovery items stated in my July 7, 2004 letter to you; and 2) mediation. As to those discovery items, we reached the following agreement.

I.  **Discovery**

**Interrogatory Response 7 / Witness Information**

By August 20, 2004, Plaintiff shall supplement his prior response to Hartford's Interrogatory 7 to include: 1) the complete address for each witness identified by him in his prior response; and 2 the substance of each witnesses' anticipated testimony at trial. Additionally, Plaintiff will supplement that response to state that the only physicians or medical providers whom Plaintiff intends to call at trial are those whom he will formally disclose as experts pursuant to Fed. R. Civ. P. 26 (a)(2).

**Document Request 10 / Credit Card Records**

By August 20, 2004, Plaintiff shall supplement his prior response to this discovery request by providing: 1) all credit card and debit card statements and records in his possession for the period of time stated in Hartford's Document Request 10; and 2) a full and complete list of all credit card and debit card companies with whom he has had an account from May of 1998 until the present, and including the complete mailing address for such entity.

Page 2
July 30, 2004

### Document Request 13 / 1998 and 1999 Tax Returns

Plaintiff has agreed to provide this office, by August 30, 2003, an appropriate authorization form, signed by Plaintiff, by which Hartford may seek his federal and state tax records directly from the United States Internal Revenue Service and the Massachusetts Department of Revenue.

### II. Mediation / Modification of Existing Scheduling Order

The parties have further agreed in principal to mediate this litigation. To that end, Plaintiff has agreed to provide Defendant's Counsel a list of mediators acceptable to him by August 10, 2004. In the interim, I will contact our client to see if it is amenable to mediating the dispute in Worcester, Massachusetts. I will also let you know if either September 16 2004, or, September 17, 2004 is an available date for our client to appear at the mediation. Additionally, I will provide you with a list of mediators acceptable to Hartford.

Furthermore, while we did not discuss this, I expect that the parties will evenly divide the cost of the mediation. If you do not agree to this, please let me know immediately, otherwise I will presume we are in agreement that mediation costs will be split evenly. Lastly, we agreed to modify the existing Scheduling Order by extending each remaining event by two months. To that end, I have prepared the attached Joint Motion to Modify Scheduling Order ("the Motion"). Please review the Motion, sign it and fax it to me. I will then file the Motion electronically with the Court.

### III. Mr. Hardt's Deposition

We have also agreed that Mr. Hardt's deposition, previously noticed for September 9, 2004, shall be continued to a mutually convenient date after the mediation.

Lastly, if you do not believe that this correspondence accurately reflects our agreement with respect to any of the issues stated herein, please contact me in writing by the close of business on August 2, 2004: otherwise I will assume that this correspondence accurately reflects our agreement.

Sincerely,

*[signature]*
Theodore F. Glockner

cc:  Jeffery Apuzzo, Esq.

F:\Files\Hartford\Hardt\Thompson July 30 04.doc

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

Timothy A. Reilly
Of Counsel
*Also admitted in NY
† Also admitted in DC

## FAX COVER SHEET

| To:   Bruce Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of:  Casey & Thompson | To:<br>Fax No.:<br>Of: |
|---|---|

From:              Theodore F. Glockner

Client/Matter:     Hardt/Hartford

Our Client No.:

Date:              August 3, 2004

Total Number of Pages (including fax cover sheet)     5

Message:

**Confidentiality Notice**

The information in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above. If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If received in error, please notify the sender at the above number immediately and return the original to the sender. Thank you.

# EXHIBIT 7

```
      TRANSMISSION VERIFICATION REPORT

                                    TIME  : 08/20/2004 08:40
                                    NAME  : CREVIER&RYAN
                                    FAX   : 4137818235
                                    TEL   : 14137872400


   DATE,TIME              08/20 08:39
   FAX NO./NAME           15082263632
   DURATION               00:00:42
   PAGE(S)                02
   RESULT                 OK
   MODE                   FINE
                          ECM
```

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                                   FAX (413) 781-8235

David B. Crevier*                                                          Timothy A. Reilly
Michael P. Ryan                                                            Of Counsel
Timothy J. Ryan                                                            *Also admitted in NY
Theodore F. Glockner†                                                      † Also admitted in DC

## FAX COVER SHEET

| To:   Bruce Thompson, Esq.  | To:     |
| Fax No.: 508-226-3632       | Fax No.: |
| Of:                         | Of:     |

From:           Theodore F. Glockner

Client/Matter:        Hartford/Hardt

Our Client No.:

Date:           August 20, 2004

Total Number of Pages (including fax cover sheet)    2

Message:

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                                    FAX (413) 781-8235

David B. Crevier*                                                           Timothy A. Reilly
Michael P. Ryan                                                             Of Counsel
Timothy J. Ryan
Theodore F. Glockner†                                                       *Also admitted in NY
                                                                            † Also admitted in DC

August 20, 2004

**VIA FACSIMILE TRANSMISSION
AND FIRST CLASS MAIL**

Bruce E. Thompson, Esq.
Casey & Thompson, P.C.
8 North Main Street
Attleboro, MA  02703

Re:   **Hardt v. Hartford Life and Accident Insurance Company
      U.S.D.C. Civ. Action No. 04-10012-NG**

Dear Attorney Thompson:

      This correspondence is simply to confirm that you have agreed to have the above captioned litigation mediated using Peter Contuzzi, Esq., as per the message I received from Deb of your office today.  Additionally, it is my understanding that you have agreed to our demand to exchange mediation overviews at least five days prior to the mediation.  If this does not accurately reflect your understanding of our agreement, please call me immediately.

      Additionally, I have left a message today for Mr. Contuzzi today.  Anticipating that he may be already booked for September 16, 2004, please provide me a list of dates available for you and Mr. Hardt.  I do not want to mediate this dispute in October due to the discovery deadlines we have already agreed to, and as I am getting married in October.

      Lastly, if you have not already mailed me the discovery items you agreed to provide me by today's date, pursuant to our prior agreement of  July 30, 2004, please call my office to arrange a date and time for a **formal discovery conference pursuant to L.R. 37.1**.  Thank you for your time and attention to this matter.

Sincerely,

*Theodore F. Glockner*
Theodore F. Glockner

cc:   Jeffery Apuzzo, Esq.

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5747

TELEPHONE (413) 787-2400                                             FAX (413) 781-8235

David B. Crevier*                                                     Timothy A. Reilly
Michael P. Ryan                                                       Of Counsel
Timothy J. Ryan                                                       *Also admitted in NY
Theodore F. Glockner†                                                 † Also admitted in DC

## FAX COVER SHEET

| To: Bruce Thompson, Esq.<br>Fax No.: 508-226-3632<br>Of: | To:<br>Fax No.:<br>Of: |
|---|---|

From:          Theodore F. Glockner

Client/Matter:          Hartford/Hardt

Our Client No.:

Date:          August 20, 2004

Total Number of Pages (including fax cover sheet)      2

Message:

**Confidentiality Notice**

The information in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above. If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If received in error, please notify the sender at the above number immediately and return the original to the sender. Thank you.

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HARDT ) | |
| ) | CIVIL ACTION NO. 04 CV10012 NG |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant ) | |

**AFFIDAVIT OF THEODORE F. GLOCKNER, ESQ. IN SUPPORT OF DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO HARTFORD'S INTERROGATORIES AND DOCUMENT REQUESTS**

NOW COMES Theodore F. Glockner, Esq. and under oath does hereby state and depose:

1. I am Counsel to Defendant Hartford Life and Accident Insurance Company ("Hartford").

2. On March 10, 2004, Hartford served Plaintiff: 1) Hartford Life and Accident Insurance Company's First Request for Production of Documents; and 2) Hartford Life and Accident Insurance Company's First Set of Interrogatories to Plaintiff.

3. On May 14, 2004, Plaintiff served Plaintiff's Responses to Hartford Life and Accident Insurance Company's First Request for Production of Documents.

4. On May 18, 2004, Plaintiff served Plaintiff's Answers to Hartford Life and Accident Insurance Company's First Set of Interrogatories.

5. On July 7, 2004, Hartford's Counsel Theodore F. Glockner wrote to Plaintiff's Counsel Bruce Thompson demanding that Plaintiff supplement her responses to the Hartford's Interrogatory 7, as well as Hartford's Document Requests 10 and 13. In the same

F:\Files\Hartford\Hardt\affidavit.doc

correspondence, Hartford requested a formal discovery conference pursuant to Rule 37.1(A) of this Court's Rules.

6. On July 30, 2004, Hartford's Counsel Theodore F. Glockner and Plaintiff's Counsel Bruce Thompson had a telephone conference to resolve the discovery dispute. On the same date the affiant wrote to Attorney Thompson memorializing the parties' agreement as follows:

"This correspondence is to memorialize our conversation today with respect to: 1) the discovery items stated in my July 7, 2004 letter to you; and 2) mediation. As to those discovery items, we reached the following agreement.

<u>Interrogatory 7</u>

By August 20, 2004, Plaintiff shall supplement his prior response to Hartford's Interrogatory 7 to include: 1) the complete address for each witness identified by him in his prior response; and 2 the substance of each witnesses' anticipated testimony at trial. Additionally, Plaintiff will supplement that response to state that the only physicians or medical providers whom Plaintiff intends to call at trial are those whom he will formally disclose as experts pursuant to Fed. R. Civ. P. 26 (a)(2).

<u>Document Request 10 / Credit Card Records</u>

By August 20, 2004, Plaintiff shall supplement his prior response to this discovery request by providing: 1) all credit card and debit card statements and records in his possession for the period of time stated in Hartford's Document Request 10; and 2) a full and complete list of all credit card and debit card companies with whom he has had an account from May of 1998 until the present, and including the complete mailing address for such entity.

<u>Document Request 13 / 1998 and 1999 Tax Returns</u>

Plaintiff has agreed to provide this office, by August 30, 2003, an appropriate authorization form, signed by Plaintiff, by which Hartford may seek his federal and state tax records directly from the United States Internal Revenue Service and the Massachusetts Department of Revenue.

***

Lastly, if you do not believe that this correspondence accurately reflects our agreement with respect to any of the issues stated herein, please contact me in

writing by the close of business on August 2, 2004: otherwise I will assume that this correspondence accurately reflects our agreement."

7. When Plaintiff failed to provide his responses to Interrogatory Request 7 and Document Request 10, on August 20, 2004, Hartford's Counsel wrote to Plaintiff's Counsel and requested a "formal discovery conference pursuant to L.R. 37.1."

8. When Plaintiff failed to respond to Hartford's August 20, 2004, letter, Hartford's Counsel telephoned Attorney Thompson's office on August 24, 2004, and left a telephone message with his assistant Deb, reiterating Hartford's demand for a discovery conference.

9. On August 25, 2004, Hartford's Counsel Theodore F. Glockner left a voice mail for Plaintiff's Counsel reiterating Hartford's demand for the outstanding discovery and reiterating its demand for a discovery conference.

10. As of today's date, Plaintiff's Counsel has neither produced the discovery he agreed to provide Hartford on July 30, 2004, nor has participated in a discovery conference, despite Hartford's repeated requests that he do so.

11. On August 6, 2004, this Court, Bowler, J. entered an order granting Hartford's prior Motion to Compel Plaintiff's Rule 26(a) Initial Disclosures and thereby granting Hartford's request for attorney's fees. As of today's date, Hartford has not received Plaintiff's Initial Disclosures and has not received the Attorney's fees it was awarded by the Court.

12. I, Theodore F. Glockner, have devoted 4.3 hours in preparing the present motion at my usual billing rate of $170 per hour.

13. Plaintiff only produced his Federal tax returns for years 2001 and 2002 in response to Hartford's Document Request 13.

Signed under the pains and penalties of perjury this __13__ day of September, 2004

*[signature]*

Theodore F. Glockner